IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JOHN DOE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHELBY LEWIS and )<br>NIHEE JOSHUA WESLEY, )<br>)<br>Defendants. ) | Case No. 5:23-cv-519 |

## **COMPLAINT FOR DAMAGES**

COMES NOW, JOHN DOE, Plaintiff in the above styled action, and files this Complaint for Damages against Defendants SHELBY LEWIS and NIHEE JOSHUA WESLEY, and shows the Court as follows:

### PARTIES

1.

Plaintiff JOHN DOE (hereinafter referred to as "Plaintiff") is a U.S. citizen currently domiciled in the United States of America. Plaintiff brings this complaint anonymously due to the intimate nature of the materials which form the subject matter of the complaint, and because Plaintiff fears further embarrassment and psychological damage if his identity were to become publicly known.

2.

Defendant SHELBY LEWIS (hereinafter referred to as "Defendant Lewis") is a citizen and resident of the State of North Carolina domiciled in Cumberland County. Defendant Lewis may be served with process at 3921 Cleo Place, Fayetteville, North Carolina 28306. Once Defendant Lewis has been so served, she will be subject to the jurisdiction of this Court.

3.

Defendant NIHEE JOSHUA WESLEY(hereinafter referred to as "Defendant Wesley") is a citizen and resident of the State of New Jersey domiciled in Gloucester County, New Jersey. Defendant Wesley may be served with process at 12 Lake Ave., Swedesboro, New Jersey 08085. Once Defendant Wesley has been so served, he will be subject to the jurisdiction of this Court.

**JURISDICTION AND VENUE**

4.

Jurisdiction over Defendants is proper pursuant to 28 U.S.C. § 1331.

5.

Venue is proper in this district pursuant to 28 U.S.C.§ 1391.

## STATEMENT OF FACTS

6.

Plaintiff and Defendant Lewis were in an intimate relationship beginning on or about December of 2019.

7.

During the course of their relationship, Plaintiff would sometimes send private intimate photos of himself to Defendant Lewis at the request of Defendant Lewis.

8.

These photos were for the intimate private enjoyment of Defendant Lewis and were not intended for distribution to anyone other than Defendant Lewis.

9.

On or about May of 2022, Plaintiff and Defendant Lewis separated.

10.

On at least one occasion following Plaintiff and Defendant Lewis's separation, Defendant Lewis disclosed and/or distributed the private intimate photos of Plaintiff to one or more persons, thereby resulting in Plaintiff's private intimate photos being widely publicized on multiple social media platforms such as Instagram and TikTok.

11.

Specifically, the private intimate photos of Plaintiff, which were solely for the enjoyment of Defendant Lewis, were disclosed to the general public on Defendant Lewis's Instagram page and on the social media website TikTok. The photos' disclosure on TikTok was done as part of a music video performed by Defendant Nihee Joshua Wesley, performing under the stage name of "3Breezy."

12.

Defendant Wesley's video featured the intimate photos of Plaintiff in a context that was extremely demeaning and derogatory towards Plaintiff.

13.

As of the date of this complaint, Defendant Wesley's music video has been viewed more than 800,000 times on TikTok.

14.

Plaintiff did not consent to these disclosures.

15.

In the alternative, Defendant Lewis and Defendant Wesley acted with reckless disregard as to whether Plaintiff had consented to such a disclosure.

16.

Defendant Lewis and Defendant Wesley used a means or facility of interstate or foreign commerce to disclose intimate visual depictions of Plaintiff when they

used internet and cellular networks to disclose the videos and/or photos which contained intimate visual depictions of Plaintiff.

## CAUSE OF ACTION
## Civil action relating to disclosure of intimate images
## 15 U.S.C. § 6851

17.

Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth here.

18.

On multiple occasions on and after October 1, 2022, Defendant Lewis and Defendant Wesley disclosed or caused to be disclosed photos and/or videos which contain intimate visual depictions of the Plaintiff.

19.

As of the date of Plaintiff's Complaint, Defendant Lewis and Defendant Wesley continue to disclose and distribute the photos and/or videos which contain intimate visual depictions of the Plaintiff.

20.

Defendant Lewis and Defendant Wesley used a means or facility of interstate or foreign commerce to disclose the photos containing intimate visual depictions of Plaintiff when they used internet and cellular networks to disclose videos and/or photos which contain intimate visual depictions of Plaintiff.

5

21.

Plaintiff did not consent to this disclosure.

22.

In the alternative, both Defendant Lewis and Defendant Wesley acted with reckless disregard as to whether Plaintiff had consented to such disclosure.

23.

Plaintiff has suffered damages as a result.

24.

Plaintiff is entitled to liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 15 U.S.C. § 6851(b)(3)(i).

25.

Plaintiff is also entitled to equitable relief, including a permanent injunction ordering Defendant Lewis and Defendant Wesley to cease display and disclosure of the visual depictions pursuant to 15 U.S.C. § 6851(b)(3)(ii).

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants and for the following relief:

A. Finding Defendants liable under 15 U.S.C. § 6851;

B. Awarding Plaintiff liquidated damages in the amount of $150,000, and the cost of this action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 15 U.S.C. § 6851(b)(3)(I);

C. Granting appropriate injunctive relief against Defendants pursuant to 15 U.S.C. § 6851(b)(3)(ii); and

D. Awarding such other and further available relief and any other relief the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

This 25th day of September, 2023.

/s/ Jessie C. Fontenot, Jr.
Jessie C. Fontenot, Jr.
Attorney for Plaintiff
NC Bar No.: 40597
Fontenot & Oyler, PLLC
314 Indera Mills Court
Winston-Salem, NC 27101
Tel: 336-837-1063
Fax: 336-955-2445
jfontenot@fandofirm.com

~and~

Joseph W. Weeks
*Special Appearance Pending*
Attorney for Plaintiff
Georgia Bar No. 912341
McNALLY WEEKS
125 Clairemont Ave., Ste. 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)

Saam Ghiaasiaan
*Special Appearance Pending*
Attorney for Plaintiff
Georgia Bar No. 137334
125 Clairemont Ave., Ste. 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)