IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| JOHN DOE | ) |
| :--- | :--- |
| Plaintiff, | ) ) ) ) |
| v. | ) ) Case No. 5:23-cv-000519 |
| SHELBY LEWIS and NIHEE JOSHUA WESLEY, | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM IN SUPPORT OF MOTION**

The Plaintiff is a victim of what is commonly referred to as "revenge porn." Plaintiff asserts that Defendants distributed via the internet and cellular networks multiple intimate visual depictions of the Plaintiff. These depictions were disclosed to the general public, including to Plaintiff's friends and associates, who notified Plaintiff of the disclosure. Forcing Plaintiff to disclose his identity in public court records could subject him to even more embarrassment. Plaintiff therefore seeks permission to proceed in this action under the pseudonym "John Doe" and seeks entry of a protective order barring dissemination of his true name and requiring that any documents containing his true name be filed under seal.

## **ARGUMENT**

As a general matter, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). Nonetheless, this rule is not absolute. *See Plaintiff B v. Francis*, 631

F.3d 1310, 1315–16 (11th Cir. 2011). A party may proceed anonymously in a civil suit in federal court by showing that he "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* In addition, Fed. R. Civ. P. 26(c)(1) specifically authorizes the Court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon the plaintiff s motion. The Court may grant a protective order under Rule 26(c)(1) for "good cause" and has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Here, the Plaintiff's privacy interests outweigh the general presumption of open records. This case requires the Plaintiff to disclose information of the utmost intimacy.

The federal statute upon which this claim is based anticipates that pseudonyms will be used by plaintiffs who seek redress in Court. *See* 15 U.S.C. § 6851 (b)(3)(B) ("In ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym.") Therefore, Plaintiff respectfully submits that a pseudonym is appropriate.

WHEREFORE, the Plaintiff prays for leave to be referred to as "John Doe" and that the attached protective order be entered.

Respectfully submitted on this the 25th day of September, 2023.

/s/ Jessie C. Fontenot, Jr.
Jessie C. Fontenot, Jr.
Attorney for Plaintiff
NC Bar No.: 40597
Fontenot & Oyler, PLLC
314 Indera Mills Court
Winston-Salem, NC 27101
Tel: 336-837-1063
Fax: 336-955-2445
jfontenot@fandofirm.com

~and~

*Special Appearance Pending*
Joseph W. Weeks
Georgia Bar No. 912341
McNALLY WEEKS
125 Clairemont Ave., Ste. 450
Decatur, GA 30030
Tel: 404-373-3131
Fax: 404-373-7286
jweeks@mcnallyweeks.com

*Special Appearance Pending*
Saam Ghiaasiaan
Georgia Bar No. 137334
125 Clairemont Ave., Ste. 450
Decatur, GA 30030
Tel: 404-373-3131
Fax: 404-373-7286
sghiaasiaan@gmail.com

**Attorneys for Plaintiff**