IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CV-00519-M-BM

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>SHELBY LEWIS,<br><br>    Defendant. | ORDER |

This matter comes before the court on John Doe's Motion for Default Judgment. [DE 24]. For the following reasons, the motion is DENIED WITHOUT PREJUDICE.

**I.    Background**

On September 25, 2023, John Doe filed the complaint against Defendants Shelby Lewis ("Shelby") and Nihee Joshua Wesley ("Wesley") for the unlawful disclosure of private images, in violation of 15 U.S.C. § 6851. [DE 1].

The complaint alleges that in December 2019, John Doe and Shelby entered "an intimate relationship." [DE 1 at 3]. Over the course of that relationship, John Doe sent "private intimate photos" of himself to Shelby, at her request. *Id.* These images were intended to be possessed exclusively for Shelby's private enjoyment, and at no point did John Doe consent to them being distributed to other parties. *Id.* In May 2022, John Doe and Shelby ended their relationship. *Id.*

The complaint also alleges that following the separation, Shelby disclosed several of these "intimate" images to the public by publishing them to her social media accounts on Instagram and TikTok. *Id.* at 3–4. On TikTok, these images were used in "a music video performed by Nihee Joshua Wesley" (a.k.a. "3Breezy") in "a context that was extremely demeaning and derogatory

toward [John Doe]." *Id.* Shelby posted this video to her TikTok account, and as of September 25, 2023, the music video had been viewed more than 800,000 times. *Id.*

Wesley was purportedly served with the complaint on October 4, 2023. [DE 7]. On December 15, 2023, he filed a Motion to Dismiss for lack of personal jurisdiction and for insufficient service of process. [DE 14]. While the motion was pending before the court, Plaintiff filed a Notice of Voluntary Dismissal as to his claim against Wesley. [DE 19]. In light of the dismissal, the court denied Wesley's motion as moot. Text Order dated January 23, 2024.

Shelby was served on December 16, 2023. [DE 16]. To date, she has not filed an answer or any other responsive pleading. Accordingly, default was entered against her by the Clerk of Court on February 15, 2024. [DE 21]. On June 18, 2024, Plaintiff moved for default judgment. [DE 24]. In lieu of ruling on the merits, the court issued a show cause order directing Plaintiff "to show cause on or before January 2, 2025, as to why the motion should not be denied for failure to state a claim." [DE 26]. Plaintiff has not responded, as ordered, so the court considers the motion on the merits.

## II. Legal Standard

Courts may enter default against a defendant who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. 55(a). Once default is entered, unless the amount of damages is readily ascertainable, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). The Fourth Circuit has a "strong policy that cases be decided on their merits," *United States v. Shaffer Equp. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), but "default judgment may be appropriate when the

2

adversary process has been halted because of an essentially unresponsive party." *Choice Hotels Intern., Inc. v. Savannah Shakti Corp.*, No. DKC-11-0438, 2011 WL 5118328, at *2 (D. Md. Oct. 25, 2011).

In reviewing a motion for default judgment, the court accepts as true the well-pleaded allegations in a complaint as to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). "It remains for the [c]ourt, however, to determine whether these unchallenged factual allegations constitute a legitimate cause of action." *Abanda v. OurBloc LLC*, No. 23-1071, 2024 WL 3995139, at *4 (D. Md. August 29, 2024) (citing *Ryan*, 253 F.3d at 780–81). Allegations are judged in accordance with the pleading standard described in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See Abanda*, 2024 WL 3995139 at *4 (collecting cases). As those cases teach, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

If the well-pleaded allegations are sufficient to establish liability, the court will then turn to the question of damages. Allegations regarding the amount of damages are not binding, so the court "may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum." *J & J Sports Productions, Inc. v. Romenski*, 845 F. Supp. 2d 703, 706 (W.D.N.C. 2012) (citing *Ryan*, 253 F.3d at 780).

### III. Discussion

The well-pleaded allegations in the complaint are insufficient to establish Shelby's liability for conduct that violates § 6851. As part of the Violence Against Women Reauthorization Act of

3

2022, Congress created a private right of action for the disclosure of a person's "intimate images" without their consent. § 6851. The statute provides, in relevant part:

> An individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure, may bring a civil action against that person.

§ 6851(b)(1)(A). The statute defines "intimate visual depiction" as a photograph, video, or other visual depiction, as defined by 18 U.S.C. § 2265(5), that depicts:

> (i) the uncovered genitals, pubic area, anus, or post-pubescent female nipple of an identifiable individual; or (ii) the display or transfer of bodily sexual fluids—(I) on to any part of the body of an identifiable individual; (II) from the body of an identifiable individual; or (III) an identifiable individual engaging in sexually explicit conduct.

§ 6851(a)(5).

Here, the complaint fails to show that the images published on Shelby's social media accounts contained "intimate visual depictions." These images are described repeatedly in the complaint as "intimate visual depictions," "intimate photos," and "private intimate photos," but at no point does the complaint describe, even by implication, their specific contents. [DE 1 at 2–4]. This is dispositive to the pending motion as the phrase "intimate visual depiction" is both a term of art and an element to the claim. It describes a very specific subset of sexual content that does not cover, for example, an image depicting "the uncovered genitals" of an un-identifiable individual. *See* § 6851(a)(5). Such content might colloquially be thought of as "private" and "intimate," but the statute's definition excludes it. *See id.* By describing the images at issue with terms identical to those constituting § 6851's cause of action, John Doe, in effect, offers a legal conclusion. *See Iqbal*, 556 U.S. at 678. The court is not obligated to accept such a conclusion as true, and without any other factual allegations to consider, the court cannot reasonably infer that

4

Case 5:23-cv-00519-M-BM    Document 27    Filed 01/13/25    Page 4 of 6

the images at issue depict content contemplated by the statute's definition of "intimate visual depiction." *Id.*

This finding is consistent with a majority of cases that have addressed § 6851 claims. Given the infancy of the cause of action, there are not many that have reached the merits, but in those cases that have, the vast majority involve complaints that describe specifically the contents of the disclosed photographs. *See, e.g.*, *K.I. v. Tyagi*, No. 1:23-2383-JRR, 2024 WL 4732703, at 5 (D. Md. November 8, 2024) (stating that the images depicted "her uncovered genitals, anus, or nipple"); *S.S. v. Collins*, No. 23-0892, 2024 WL 3594350, at *5 (D. N.J. July 31, 2024) (stating that the images depicted an identifiable image of the plaintiff's "uncovered pubic area" and the video showed the plaintiff masturbating); *C.V. v. Carminucci*, 2:24-cv-2096, 2024 WL 3983007, at *1 (D. N.J. August 28, 2024) (stating that the images included the plaintiff's "exposed breasts"). The court has identified only a single case where a non-descript complaint was found sufficient to show liability. *McCann v. McCann*, No. 2:23-cv-28-DAK, 2023 WL 4934115, at *1 (D. Utah August 2, 2023) (granting summary judgment on a § 6851 claim where the complaint merely alleged that "intimate visual depictions" were disclosed). The court finds this approach to be inconsistent with the Supreme Court's holdings in *Iqbal* and *Twombly*. Accordingly, the court declines to emulate it and instead finds that John Doe has failed to allege facts sufficient to show that his claim involved "intimate visual depictions." The complaint does not, therefore, show that Shelby is liable under § 6851.

## IV. Conclusion

For the foregoing reasons, John Doe's Motion for Default Judgment [DE 24] is DENIED WITHOUT PREJUDICE.

5

Further, in a previous order, the court ordered John Doe to show cause as to why the present motion should not be denied for failure to state a claim. [DE 26]. No response has been forthcoming. The court ORDERS John Doe to show cause on or before January 24, 2025, as to why this action should not be dismissed. Failure to respond in a timely manner will result in the immediate dismissal of this action without prejudice.

SO ORDERED this 13th day of January, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE